IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Case No. 09-CV-01271-CMA-BNB

JEFFERY M. and DEE ANN JOHNSON,
on behalf of themselves and all others similarly situated,
          PLAINTIFFS,
v.

CTX MORTGAGE COMPANY, LLC, a/k/a CTX MORTGAGE COMPANY I, LLC;
NATIONSTAR MORTGAGE, LLC, f/k/a CENTEX HOME EQUITY COMPANY, LLC;
NATIONSTAR FUNDING, LLC, f/k/a CHEK FUNDING, LLC;
BANK OF NEW YORK MELLON, f/k/a and Successor to THE BANK OF NEW YORK
COMPANY, LLC, as TRUSTEE;
JP MORGAN CHASE BANK, N. A., As TRUSTEE;
DEBRA HAVENS, a/k/a DEBBIE HAVENS, Individually and as Agent or Employee of
CTX Mortgage Company, LLC;
JOHN OR JANE DOES 1-1,000, Unknown Investors;
JOHN ROES 1-10, Undisclosed Trusts;
PUBLIC TRUSTEE of EL PASO COUNTY; and
All Unknown Persons Who Claim Any Interest in the Subject Matter of this Action,

          DEFENDANTS.

---

## SCHEDULING ORDER

---

## 1.  DATE OF CONFERENCE AND
## APPEARANCES OF COUNSEL AND *PRO SE* PARTIES

Scheduling Conference:  February 8, 2010, 9:00 a.m., Courtroom A 401

Parties:          D. Robert Jones
                  D. Robert Jones, P.C.
                  219 West Colorado Avenue, Suite 210
                  Colorado Springs, CO  80903
                  Phone: (719) 630-1556
                       *Attorney for Plaintiffs*

1

Stephen A. Brunette
Stephen A. Brunette, P.C.
219 West Colorado Avenue, Suite 110
Colorado Springs, Colorado  80903
Phone:  (719) 634-7878
    *Attorney for Plaintiffs*

James Robert Moriarty
Megan M. Hottman
MORIARTY LEYENDECKER, P.C.
1123 Spruce Street, #200
Boulder, CO  80302
Phone: (303) 495-2658
    *Attorneys for Plaintiffs*

Gregory E. Goldberg
Danielle Voorhees
Holland & Hart, LLP-Denver
P.O. Box 8749
555 17th Street, #3200
Denver, CO  80201-8749
Phone: (303)  295-8099
*Attorneys for Defendants CTX Mortgage Company,
LLC and Debra Havens*

Jamie Grant Siler
Bloom, Murr & Accomazzo, P.C.
410 17th Street, #2400
Denver, CO  80202-4402
Phone: (303) 534-2277
*Attorneys for Defendants Nationstar Mortgage, LLC;
Nationstar Funding, LLC; Bank of New York Mellon;
JP Morgan Chase Bank.*

Andrew Coleman Gorgey
El Paso County Attorneys Office-Main Office
27 East Vermijo Avenue, 3rd Floor
Colorado Springs, CO  80903-2208
Phone: (719) 520-6485
*Attorneys for Defendant Public Trustee of El Paso
County*

### *2.* STATEMENT OF JURSIDICTION

Subject matter and diversity jurisdiction pursuant to 28 U.S.C. § 1332, as the individual amount in controversy exceeds $75,000, exclusive of interest and costs, and because the JOHNSONS are citizens of the State of Colorado and the Defendants herein are citizens of states other than the State of Colorado. The Court also has jurisdiction pursuant to 15 U.S.C. §§1601 et seq. (Federal Truth in Lending Act), and the JOHNSONS request this Court to assume Supplemental jurisdiction over their State law claims under 28 U.S.C. §1367.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a.    Plaintiffs:

COUNT I: Multiple violations of Truth in Lending Act (15 USC §§1501 et seq.), specified in detail in ¶¶48-68 of Second Amended Complaint ("Complaint").

COUNT II: Defendants held themselves out as providing traditional mortgage loans, and Plaintiffs were induced to believe they were applying for same, but were instead placed into high risk "loans" that Defendants securitization scheme foresaw could not be repaid in their terms, that would not provide Plaintiffs with clear title upon completion of the loan terms without judicial intervention, that were intended not to be mortgage loans but, instead, to be an asset that would be pooled and sold at great profit as a security to meet the needs of third party investors, and that

systematically allowed payments made by the Plaintiffs to be applied to obligations of other pooled loans through cross-collateralization and over-collateralization practices, were material facts that in equity and good conscience should have been disclosed to, and not concealed from, the Plaintiffs.

COUNT III:  Defendants breached the covenant of good faith and fair dealing by making Plaintiffs' performance difficult or impossible by placing them in "loans" that Defendants foresaw would not be repaid over their terms, structuring the "loans" for default, foreclosure, and actions fir deficiency judgment, and then took – and continue to take – advantage of nonperformance caused by the Defendants.

COUNT IV:  Defendants had a duty to disclose to Plaintiffs all elements specified in previous counts, but were negligent in failing to do so, and their negligence caused damage to Plaintiffs.

COUNT V:  Defendants were unjustly enriched by conduct specified in all previous counts.

COUNT VI:  Defendants conduct specified above constituted multiple statutory violations under C. R. S. §§6-1-101 et seq., C. R. S. 38-40-105, specified in ¶¶87-103 of the Second Amended Complaint.

COUNT VII:  Conduct specified above in Count I also constituted violations of C. R. S. §§5-1-101 et seq.

COUNT VIII:  Defendant Nationstar Mortgage is not the real party in interest to foreclose on Plaintiffs' property, and no Defendants hold a valid security interest that allows non-judicial foreclosure on Plaintiffs' property.

COUNT IX:  Plaintiffs demand injunctive relief to stop unlawful foreclosure, and declaratory relief as to the identity of the real party in interest with whom they may craft a reformation of the unlawful agreements in which they have been placed by Defendants.

b.  Defendants Nationstar Mortgage LLC fka Centex Home Equity Company, LLC ("Nationstar Mortgage"), Nationstar Funding, LLC fka Chek Funding, LLC ("Nationstar Funding"), JP Morgan Chase Bank, N.A., as Trustee ("Chase") and The Bank of New York Mellon, as Trustee ("BoNYM") (collectively, the "successor defendants"):

Plaintiff's Complaint lacks sufficient facts to state a plausible claim against the successor defendants and should be dismissed under F.R.C.P. 12(b)(6).  The Complaint concerns two purchase-money mortgage loans (the "Loans") that were made on May 31, 2006, enabling plaintiffs to purchase a property in Colorado Springs, CO (the "Property").  The successor defendants were not plaintiffs' original lender(s) or loan officer(s), but rather, are the successor investors, servicers or assignees who later obtained some interest or involvement with plaintiffs' Loans.

Defendants deny plaintiffs allegations regarding any loan terms differing from the signed Loan documents, and such allegations do not apply to the successor defendants in any event.  Further, such claims are barred as a matter of law under C.R.S. § 38-10-124 and the economic loss rule.  Plaintiffs' attempt to attack the sale of their Loans from the original lender into the secondary mortgage-market, referring to the sale as a

"scheme," should be stricken under Rule 12(f) and is substantially frivolous and groundless within the meaning of C.R.S. § 13-17-101, *et seq.* Plaintiff's complaint is a thinly veiled effort to obfuscate defendants' default under the Loans, cause unnecessary delay in the enforcement of defendants' rights in the Loans, and needlessly increase the costs of litigation.

Successor defendants may assert counterclaims under the Loans or otherwise enforce the Loan terms, and successor defendants defenses include, but are not limited to:

- The Loans complied with applicable State and Federal law, including TILA and the Colorado Consumer Protection Act;

- Even if violations are proven (which is denied), successor defendants are not the proper defendants for such claims;

- Plaintiffs fail to state a claim upon which relief can be granted, as more specifically set forth in successor defendants' motion to dismiss under Rule 12(b)(6);

- Plaintiffs fail to plead a plausible claim under Rule 8 and the *Twombly* standard;

- Plaintiffs fail to plead with sufficient particularity under Rule 9;

- Plaintiffs' claims are barred by the applicable statutes of limitation, stautes of repose and/or laches;

- Plaintiffs' claims are barred by Colorado's statute of frauds for credit agreements, C.R.S. § 38-10-124;

- Plaintiffs' claims are barred by the voluntary payment doctrine;

- Plaintiffs' claims are barred by waiver, estoppel, acquiescence, consent and ratification;

- Plaintiffs' claims are barred by unclean hands and/or *in pari delicto;*

- Plaintiffs' equitable claims are barred because in order to get equity, they must do equity;

- Plaintiffs' claims are barred based upon successor defendants' lack of a duty owed to plaintiffs;

- Plaintiffs' claims are barred by their own contributory or comparative negligence;

- Plaintiffs' claims are barred by the economic loss doctrine;

- Plaintiffs' claims are barred because they suffered no damages, or their damages are the result of an intervening or superseding cause;

- Plaintiffs' claims are barred because they have failed to mitigate their damages, if any;

- Plaintiffs' claims are barred by their own breach of contract;

- Plaintiffs lack privity or standing to bring some or all of the claims asserted in the Complaint;

- Plaintiffs' claims against successor defendants are groundless and frivolous within the meaning of C.R.S. §13-17-102 entitling successor defendants to an award of attorneys' fees;

- Plaintiffs' rights of recovery are barred or diminished by their voluntary assumption of a known risk;

- Successor defendants are entitled to an offset against plaintiffs' claims.

Successor defendants may assert additional affirmative defenses as they become known through discovery or otherwise.

    c.  Defendants CTX Mortgage Company, LLC ("CTX"):

On January 18, 2010, CTX filed a motion to dismiss (Doc. 78) all claims asserted in Plaintiffs' Complaint for various reasons pursuant to Fed. R. Civ. P. 12(b)(6). For the sake of brevity and clarity, CTX will not reiterate in full the bases underlying its motion to dismiss in this scheduling order, but rather incorporates them by reference. As stated in CTX's motion to dismiss, Plaintiffs' claims are barred as a matter of law by (A) various statutes of limitations, (B) by the statute of frauds, C.R.S. § 38-10-124, (C) for failure to allege essential elements of various claims, (D) by the economic loss rule, (E) the inapplicability of the Colorado Consumer Credit Code, C.R.S. § 5-1-301(12) and other requirements to Plaintiffs' claims. CTX denies Plaintiffs' allegations regarding any loan terms other than those articulated in the signed Loan documents. Rather, Plaintiffs' complaint is an attempt, three years after closing, to try and transform their defaults under the Loans into a federal case alleging fraud, violation of various statutes and other claims.

CTX may assert counterclaims under the Loans or otherwise enforce the Loan terms, and its defenses include, but are not limited to:

- The Loans complied with applicable State and Federal law, including TILA and the Colorado Consumer Protection Act;

- CTX is not the proper defendant for some of Plaintiffs' claims;

- Plaintiffs fail to state a claim upon which relief can be granted, as more specifically set forth in CTX's motion to dismiss under Rule 12(b)(6) (Doc. 78);

- Plaintiffs fail to plead a plausible claim under Rule 8 and the *Twombly* standard;

- Plaintiffs fail to plead with sufficient particularity under Rule 9;

- Plaintiffs' claims are barred by the applicable statutes of limitation, statutes of repose and/or laches;

- Plaintiffs' claims are barred by Colorado's statute of frauds for credit agreements, C.R.S. § 38-10-124;

- Plaintiffs' claims are barred by the voluntary payment doctrine;

- Plaintiffs' claims are barred by waiver, estoppel, acquiescence, consent and ratification;

- Plaintiffs' claims are barred by unclean hands and/or *in pari delicto;*

- Plaintiffs' equitable claims are barred because in order to get equity, they must do equity;

- Some of Plaintiffs' claims are barred due to CTX's lack of a duty to plaintiffs;

- Plaintiffs' claims are barred by their own contributory or comparative negligence;

- Plaintiffs' claims are barred by the economic loss doctrine;

- Plaintiffs' claims are barred because they suffered no damages, or their damages are the result of an intervening or superseding cause;

- Plaintiffs' claims are barred because they have failed to mitigate their damages, if any;

- Plaintiffs' claims are barred by their own breach of contract;

- Plaintiffs' claims are barred by their lack of privity or standing to bring some or all of the claims asserted in the Complaint;

- Plaintiffs' claims and/or rights of recovery are barred or diminished under the assumption of risk doctrine;

- Failure to arbitrate;

- CTX is entitled to an offset against plaintiffs' claims.

CTX reserves the right to assert additional affirmative defenses as they become known through discovery or otherwise, and in the event its motion to dismiss (Doc. 78) is denied.

d.      Debra Havens ("Havens")

Havens was served with the Complaint on January 20, 2010, pursuant to her offer to waive service, which was after the Rule 26(f) conference on January 11, 2010. Accordingly, pursuant to Fed. R. Civ. P. 4(d)(3), Havens' response to the Complaint is not due until March 22, 2010.  Havens is in the process of considering her legal defense and response to the Complaint.  At this time, Havens anticipates filing a motion to dismiss at least part of the Complaint, potentially answering part of the Complaint, potentially asserting counterclaims and will assert defenses.  In an effort to minimize disruption, Counsel for Plaintiffs and Havens conferred briefly pursuant to Rule 26(f) on

January 29, 2010, and discussed discovery dates and deadlines applicable to Havens and Plaintiffs' claims against her, as discussed in more detail below.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

On or about May 31, 2006, plaintiffs closed two mortgage loans (the "Loans") to purchase the real property located at 6355 Peak Vista Circle, Colorado Springs, CO 80918 (the "Property").

The Loans were for approximately 80% and 20%, respectively.

In connection with the Loans, plaintiffs executed two promissory notes payable to CTX Mortgage Company, LLC (the "Notes").

As security for the Notes, plaintiffs granted two deeds of trust on the Property (the "Deeds of Trust").

The closing of the Loans occurred on May 31, 2006.

Plaintiffs defaulted in making monthly payments on the Loans.

Plaintiffs filed the above captioned civil action on Monday, June 1, 2009.

Defendant Nationstar Mortgage initiated a foreclosure on one of the Loans at issue in this case.

## 5. COMPUTATION OF DAMAGES

Plaintiffs assert claims for:

a. Compensatory damages and all amounts paid under the Loan contracts;b.

Federal and state statutory damages;

c. Exemplary damages;

d. Attorneys fees and costs of litigation as element of damages;

e. Non-economic damages, humiliation and embarrassment of foreclosure proceeding, damage to credit and reputation

(Calculations of all will be provided when completed.)

Defendants deny that plaintiffs have suffered any damages, or that defendants are liable.  Defendants further deny that plaintiffs are entitled to statutory or exemplary damages, and assert that plaintiffs' claim for exemplary damages is improper and premature under C.R.S. § 13-21-102, et seq., and must be dismissed.  Plaintiffs are not entitled to any award of attorneys' fees, costs or non-economic damages.

## 6.  REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)

a.    **Date of Rule 26(f) Meeting:**   January 11, 2010

b.    **Names of each participant and party he/she represented:**

-D. Robert Jones, *Attorney for Plaintiffs*

-Stephen A. Brunette, *Attorney for Plaintiffs*

-Megan M. Hottman, *Attorney for Plaintiffs*

-Gregory E. Goldberg & Danielle Voorhees, *Attorney for CTXand Havens.  As noted above, Havens was not served until January 20, 2010, after the Rule 26(f) meeting.  Accordingly, Havens will try to accommodate the dates and deadlines proposed by the other parties in this Scheduling Order, but having not yet been able to formulate her response to the Complaint, Havens necessarily reserves her right to propose other dates and deadlines with regard to discovery.  Pursuant to Rule 26(f) conferral concerning Havens, counsel for Plaintiffs and counsel for Havens propose adding 30 days to the dates and deadlines set forth below applicable to Havens ("Havens Deadlines"), with the understanding that the Havens Deadlines may need to be adjusted depending on her response to the Complaint.*

-Jamie Grant Siler, *Attorney for Defendants Nationstar Mortgage,*

*LLC; Nationstar Funding, LLC; Bank of New York Mellon;*
*JP Morgan Chase Bank.*

**c.      Statement as to when Rule 26(a)(1) disclosures will be made:**

-7 days before scheduling conference (February 1, 2010).

**d.      Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**   Only that these disclosures would be provided by February 1, 2010, rather than within the time provided by the Rule.  Havens will provide her disclosures on or before March 1, 2010.

**e.      Statement concerning any agreements to conduct informal discovery.**  Plaintiffs have no objection to informal discovery, but no agreements have been reached as of the date of this Proposed Order.

**f.      Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**   The parties have no objection to agreements or procedures to reduce discovery and other litigation costs, but no agreements have been reached as of the date of this Proposed Order.

**g.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**   Plaintiffs have previously sent to certain defendants, but not to Havens, requests for information or documents, which plaintiffs assert may constitute a QWR (Qualified Written Requests) requesting substantial amounts of electronic data.   Plaintiffs provided a copy of these requests to defense counsel

following the scheduling conference on January 11, 2010. Defendants suggested these requests are overbroad and Defendants do not believe that extensive electronic information is required in this case.

      **h.**    **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**  Counsel discussed settlement and ultimately concluded that defense counsel would review any proposal submitted by Plaintiffs so long as the settlement proposal is reasonable. Counsel for Plaintiffs believe that this case is appropriate for early and substantial settlement discussions. Plaintiffs and Havens have discussed settlement. Nationstar has agreed to dismiss without prejudice a pending Colorado public trustee's foreclosure and C.R.C.P. 120 action against the Plaintiffs, but may re-file at a future date.

## 7. CONSENT

      All parties have not consented to the exercise of jurisdiction of a magistrate judge. Parties consent to exercise of Jurisdiction of a magistrate judge for discovery and scheduling, but not for the entire case.

## 8. DISCOVERY LIMITATIONS

      **a.**    **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**  Parties propose deposing named parties plus 3 other individuals per party.

      **b.**    **Limitations which any party proposes on the length of depositions.**  The parties agree upon 7 hours.

       **c**.     **Limitations which any party proposes on the number of requests for production and/or requests for admission.** The parties agree upon 25.

       **d.**     **Other Planning or Discovery Orders.** The successor defendants and CTX may file a motion to stay discovery pending determination of their respective motions to dismiss under Rule 12(b)(6). Haven may do the same, if she files a motion to dismiss.

## 9. CASE PLAN AND SCHEDULE

As noted above, Havens was not served until January 20, 2010 and her response to the Complaint therefore is not due until March 22, 2010. Accordingly, because she has not yet been able to formulate her response to the Complaint, Havens necessarily reserves her right to propose other dates and deadlines with regard to discovery. At this time, pursuant to conferral under Rule 26(f), counsel for Plaintiffs and for Havens propose adding 30 days to each of the deadlines below applicable to Havens, with the understanding that said deadlines may need to be adjusted depending on her response to the Complaint.

       **a.**     **Deadline for Joinder of Parties and Amendment of Pleadings:** March 23, 2010. (April 23, 2010 for Havens).

       **b.**     **Discovery Cut-off:** August 8, 2010 (September 8, 2010 for Havens).

       **c.**     **Dispositive Motion Deadline:** September 23, 2010 (October 23, 2010 for Havens).

       **d.**     **Expert Witness Disclosure:**

**1.  The parties shall identify anticipated fields of expert testimony, if any.**

- Plaintiffs: Expert in Practices/procedures of origination, securitization, and servicing of mortgage-backed securities; eligibility of Plaintiffs to apply for an FHA loan at the time they were placed in the subject loans; Forensic accounting/financial evidence expert.

- Defense: CTX and Havens reserve the right to assert an expert on conventional residential lending and industry practice and standards. In addition, Defendants anticipate rebuttal expert testimony/expert on securitization of mortgage loans and other matters raised by Plaintiffs' experts.

**2.  Limitations which the parties propose on the use or number of expert witnesses.**

- Plaintiffs request 3 experts; Defendants object to the endorsement by plaintiffs of more than two experts, and request further explanation of the need for multiple experts.

**3.  The parties shall designate all experts and provide opposing counsel and any *pro se* parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before _____ 2010.**

- Plaintiffs and CTX will disclose their experts by April 8, 2010 (May 8, 2010 for Havens).

- Defendants will disclose their experts or rebuttal experts by June 1, 2010 (July 1, 2010 for Havens).

- Parties tentatively agreed to allow each other a short extension in the discovery cutoff if the need arises following Defense expert disclosures.

   **4.    The parties shall designate all rebuttal experts and provide opposing counsel and any *pro se* party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before _____, 2010.**  See item 3, above.

**e.    Identification of Persons to be Deposed.**

-Plaintiffs will request Rule 30(b)(6) depositions of corporate defendants, a deposition of Havens and potentially of other representatives of defendant companies

-Defendants anticipate that they will depose the plaintiffs, individuals disclosed in the Rule 26 disclosures with knowledge, plus experts or 2 other potential individuals, including plaintiffs' real estate agent and others involved in the lending process.

   **f.    Deadline for Interrogatories:**   July 5, 2010 (August 5, 2010 for Havens).

   **g.    Deadline for Requests for Production of Documents and/or Admissions.** July 5, 2010 (August 5, 2010 for Havens).

**CASE PLAN AND SCHEDULE**

a. A settlement conference will be held on _____, 2010 at _____ o'clock ___.m.  It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.

( ) *Pro Se* parties and attorneys only need be present.

( ) *Pro Se* parties, attorneys, and client representatives with authority to settle must be present.  (NOTE: This requirement is not fulfilled by the presence of counsel.  If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)

( ) Each party shall submit a confidential Settlement Statement to the magistrate judge on or before _____ outlining the facts and issues, as well as the strengths and weaknesses of their case.

b. Status conferences will be held in this case at the following dates and times: _____

c. A final pretrial conference will be held in this case on _____, 2010, at _____ o'clock ___.m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five (5) days before the final pretrial conference.

## 10. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.  (None)

b. Anticipated length of the trial and whether trial is to the court or jury. Plaintiffs have requested a jury trial and the parties anticipate that a trial would last between 5 – 7 trial day, including voir dire.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facility at 212 N. Wahsatch Street, Colorado Springs, Colorado. None.

## 11. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

## 12. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED this ____ day of _____, 2010.


BY THE COURT:



_____

United States Magistrate Judge



APPROVED:

STEPHEN A. BRUNETTE, PC                      MORIARTY LEYENDECKER PC
 *(A duly-signed original is on file at*      *(A duly signed original is on file at*
*the office of Stephen A. Brunette PC)*       *the offices of Moriarty Leyendecker PC)*
*s/Stephen A. Brunette*                              *s/Jim Moriarty*
_____              _____
Stephen A. Brunette                           Jim Moriarty
219 W. Colorado Avenue, Suite 110             1123 Spruce Street Suite 200
Colorado Springs, Colorado  80903             Boulder CO 80302
Phone:  (719) 634-7878                        Phone: (303) 495-2658
Fax:  (719) 630-7004                          Fax: (713) 528-1390
Email:  stephen@brunettelaw.com               Email: jim@moriarty.com
*Attorneys for Plaintiffs*                    *Attorney for Plaintiffs*


D. ROBERT JONES, P.C.
*(A duly-signed original is on file at*
*the offices of D. Robert Jones, PC)*

*s/D. Robert Jones*
_____
D. Robert Jones
219 West Colorado Avenue, Suite 210
Colorado Springs, CO  80903
Phone: (719) 630-1556
Fax:  (719) 630-7004
Email: rjones@sjflaw.net

*Attorneys for Plaintiffs*


*(A duly-signed original is on file at*
*the offices of Gregory E. Goldberg)*

*s/Gregory E. Goldberg*
_____

Gregory E. Goldberg
Danielle Voorhees
Holland & Hart, LLP-Denver
P.O. Box 8749
555 17th Street, #3200
Denver, CO  80201-8749
*Attorneys for Defendants CTX Mortgage Company, LLC and Debra Havens*

*(A duly-signed original is on file at*
*the offices of Jamie Grant Siler)*

*s/Jamie Grant Siler*

Jamie Grant Siler
Bloom, Murr & Accomazzo, P.C.
410 17th Street, #2400
Denver, CO  80202-4402
*Attorneys for Defendants Nationstar Mortgage, LLC;*
*Nationstar Funding, LLC; Bank of New York Mellon;*
*JP Morgan Chase Bank*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of February, 2010, I forwarded a true and correct copy of the foregoing by filing and serving the same using the ECF system which will send electronic notices or by U.S. Mail as indicated below:

Via Email through ECF:

D. Robert Jones Rjones@sjflaw.com
James R. Moriarty jim@moriarty.com
Andrew Gorgey andrewgorgey@elpasoco.com
Gregory Goldberg ggoldberg@hollandhart.com
Jamie Siler jsiler@bmalaw.com

STEPHEN A. BRUNETTE, PC
*(A duly-signed original is on file at
the office of Stephen A. Brunette PC)*
*/s/Stephen A. Brunette*

_____
Stephen A. Brunette